UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| ABDIKADIR SAID ABDULLAHI, | |
| Petitioner, | Case No. 1:16-cv-933 |
| v. | Honorable Gordon J. Quist |
| | U.S. District Judge |
| REBECCA ADDUCCI, Field Director Detroit Immigration and Customs Enforcement, | Honorable Phillip J. Green |
| | U.S. Magistrate Judge |
| Respondent. | |

## REPORT AND RECOMMENDATION

This is a habeas corpus proceeding brought *pro se* by a federal detainee, pursuant to 28 U.S.C. § 2241, challenging his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). The *pro se* petition recites that petitioner is currently detained at the Calhoun County Jail, within this district, having been taken into federal custody upon his parole from the Michigan Department of Corrections on June 23, 2015. (Pet. ¶¶ 2, 13(a), ECF No. 1, PageID.1, 7). The essence of petitioner's complaint is that he is being held indefinitely in violation of his substantive and procedural due process rights. (*Id.*, PageID.6-7). He asks the Court to "order ICE to release [him] from detention either to Somalia or put [him] on order of supervision." (*Id.*, PageID.8).[1]

---

[1] Petitioner filed a habeas petition challenging his ICE detention on April 1, 2016. (*Abdullahi v. Adducci*, Case No. 1:16-cv-335). That petition was dismissed on June 17, 2016, at his request. (*See id.*, ECF No. 12, 13, 14).

Respondent has filed an answer, supported by declarations under penalty of perjury made by ICE Deportation Officer Matthew Krueger and ICE Deportation Officer Robert Tremont. (ECF No. 5, 5-1, 5-2). Petitioner filed three separate responses. (ECF No. 7, 8, 9). The first simply addresses the reasons petitioner dismissed his earlier habeas petition. (*See* ECF No. 7). The second recites the facts of this case, the relevant ones of which appear to be largely consistent with those articulated by respondent. (*See* ECF No. 8). In his third response, petitioner re-addresses his reasons for dismissing his first habeas petition (*see* RCF No. 9, PageID.59-60); he expresses his doubts about ICE's assertion that Somalia has issued a travel document to allow his deportation (*see id.*, PageID.60 ("I still find it hard to believe that the Somalian government has issued me a travel document, because Somalia does not have an embassy.")); and he challenges the legality of ICE's plan to deport him (*see id.*, PageID.61).

This matter has been referred to me for issuance of a report and recommendation pursuant to Rule 10 of the Rules Governing Section 2254 Proceedings in the District Courts[2] and 28 U.S.C. § 636(b)(1)(B). After reviewing the record, I conclude that petitioner has failed to meet his burden to show that there is no significant likelihood of removal within the reasonably foreseeable future. Accordingly, I recommend that his habeas corpus petition be denied.

---

[2] The district court has discretion to apply the section 2254 rules in other habeas corpus cases, such as those brought under section 2241. *See* Rule 1(b), RULES GOVERNING SECTION 2254 CASES.

**Proposed Findings of Fact**

The facts are largely undisputed. Petitioner is a citizen of Somalia. He was admitted to the United States as a refugee on January 15, 2004. (Krueger Decl. ¶ 3, ECF No. 5-1, PageID.32). His status was changed to "Lawful Permanent Resident" on November 22, 2005. (*Id.*, PageID.32-33).

Petitioner has incurred a number of criminal convictions. These include a January 15, 2014, felony conviction for attempted first-degree home invasion, MICH. COMP. LAWS § 750.11A2[A], in the 17th Circuit Court (Kent County, Michigan), as well as misdemeanor convictions for using marijuana and trespassing. (*Id.* at ¶ 2, PageID.32).[3] On January 28, 2015, ICE served petitioner with a Notice to Appear before an immigration judge to face deportation proceedings, as a result of his conviction for an "aggravated felony" under the Immigration and Nationality Act, 18 U.S.C. § 1227(a)(2)(A)(iii). (*Id.* at ¶ 4, PageID.33). Petitioner was, at that time, in the custody of the Michigan Department of Corrections (MDOC). (*Id.*).

Petitioner was paroled from the MDOC on June 23, 2015, and he was immediately placed in ICE custody. (Pet. ¶¶ 11(a), 13(a), PageID.5, 7; Krueger Decl.

---

[3]Respondent does not provide specific information regarding petitioner's criminal history. The Court has obtained information directly from the 17th Circuit Court case file, which indicates that petitioner pled guilty to attempted first-degree home invasion on January 15, 2014, and that he was sentenced February 24, 2014, to nine months' incarceration and four years' probation. As a result of a series of probation violations, petitioner was re-sentenced on October 23, 2014, to twenty months to five years' imprisonment, with credit for 366 days served. (*State of Michigan v. Abdikadir Said Abdullahi*, Case No. 13-11649-FH, 17th Circuit Court, Kent County, Michigan).

¶ 4, PageID.33). He is being detained at the Calhoun County Correctional Center in Battle Creek, Michigan. (Pet. ¶ 2, PageID.1).

On July 28, 2015, a Detroit, Michigan, immigration judge ordered petitioner removed to Somalia, based on his aggravated-felony conviction, as charged in the Notice to Appear. (Krueger Decl. ¶ 5, PageID.33). Petitioner reserved his right to appeal the deportation order until August 27, 2015; but he did not pursue the appeal with the Board of Immigration Appeals. (*Id.*). Accordingly, the removal order became final on August 28, 2015. (*Id.*).

In September 2015, ICE determined that "it was unlikely that Petitioner would be removed any time soon," as his criminal history "did not [then] meet the removal threshold." (*Id.* at ¶ 7, PageID.33). ICE decided, however, to detain him for the statutory 90-day removal period under 18 U.S.C. § 1231(a)(2). (*Id.*). ICE has continued that detention to date while it worked with the government of Somalia to obtain a travel document. (*Id.* at ¶¶ 8-11).

On August 16, 2016, the Somali government issued a travel document for petitioner. (Tremont Decl. ¶ 8, ECF No. 5-2, PageID.38). According to ICE, it uses charter flights to deport persons to Somalia. (*Id.* at ¶ 9). "The next charter flight scheduled to remove aliens to Somalia is in October 2016." (*Id.*).

## Discussion

Petitioner seeks relief under 28 U.S.C. § 2241, which authorizes federal district courts to grant writs of habeas corpus to prisoners "in custody." Despite statutory restriction of court review regarding many immigration matters, a petition for writ of

habeas corpus under section 2241 is appropriate for raising statutory and constitutional challenges to post-removal detention by ICE. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003).

The detention of aliens is governed by statute. When immigration authorities issued a final order of removal, petitioner was subject to a mandatory 90-day detention period pursuant to section 241(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a). After expiration of that period, section 241(a)(6) of the INA gives the Attorney General discretion to continue an alien in detention:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title, or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, the Supreme Court was asked to declare section 241(a)(6) unconstitutional, because it authorized unlimited detentions, in violation of the Due Process Clause. To avoid this constitutional question, the Court construed the statute as authorizing detention only for that period of time reasonably necessary to remove the alien, presumptively six months. 533 U.S. at 701. Thus, the Act, as construed in *Zadvydas*, does not permit indefinite detention, which addresses the due-process concerns under the Fifth Amendment. *See Ly*, 351 F.3d at 267.

The *Zadvydas* opinion outlines the essential inquiry for a habeas court faced with administrative detention beyond the presumptive six-month limit:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon violation of those conditions.

*Zadvydas*, 533 U.S. at 699-700. "[W]here detention's goal is no longer practically attainable, detention no longer bears a reasonable relation to the purpose for which the individual was committed." *Id.* at 690. Under *Zadvydas*, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701.

Petitioner has the burden of providing a "good reason to believe" that no such likelihood exists. Once petitioner has met this burden, the government must respond with evidence sufficient to rebut that showing. *Id.*

In the present case, petitioner has not provided any evidence to give this court "good reason to believe" that his removal is unlikely in the reasonably foreseeable future. According to the declaration of ICE Deportation Officer Tremont, as of August 16, 2016, all necessary administrative steps for deportation had occurred: Somalia issued petitioner's travel document and the next charter flight has been scheduled for next month. (Tremont Decl. ¶¶ 8-9, PageID.38). Deportation is imminent.

Petitioner has provided no evidence to the contrary. He simply expresses his unsubstantiated doubts about the issuance of the travel document (ECF No. 9, PageID.60), and he offers his conjecture about the legality of the deportation process (*id.*, PageID.61). His doubts and suppositions are not adequate substitutes for evidence; nor do they provide "good reasons to believe" that his removal is unlikely in the foreseeable future.

It is significant that, unlike the circumstance faced by the Court in *Zadvydas*, there is no institutional barrier to petitioner's removal. ICE Deportation Officer Krueger advised: "ICE has successfully removed aliens to Somalia in the past, and I have no reason to believe that ICE would currently be unable to do so, or that ICE will be unable to do so in the future." (Krueger Decl. ¶ 12, PageID.34). Deportation Officer Tremont noted: "The Government of Somalia has issued [petitioner] a travel document and there are no other known barriers to his removal." (Tremont Decl. ¶ 11, PageID.38).

*Zadvydas* involved two aliens with criminal records, who faced "potentially permanent" civil confinement. 533 U.S. at 684-86. Because of his criminal record, Mr. Zadvydas was denied entry by both Germany and Lithuania, the two countries with which he had prior contacts. Petitioner Ma had no reasonable prospect of being repatriated to his native Cambodia, given the lack of a repatriation agreement between that country and the United States. *Id.* at 685-86.

By contrast, the ICE officials responsible for this case have now taken all steps necessary for deportation. Mere delay by the foreign consulate in issuing travel

documents, despite reasonable efforts by United States authorities to secure them, does not satisfy a detainee's burden under *Zadvydas* to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002); *Kahn v. Fasano*, 194 F. Supp. 2d 1134, 1137-38 (S.D. Cal. 2001).

On the record now before the court, petitioner has not met his burden of showing that there is no significant likelihood of removal within the reasonably foreseeable future. Accordingly, he is not entitled to habeas corpus relief.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied.


Dated: September 1, 2016                /s/ Phillip J. Green
                                        United States Magistrate Judge


### NOTICE TO THE PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).